983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Claudette K. MUSCHETTE, Petitioner,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY and Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 90-1535.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 28, 1992.
 
 Before HARRY T. EDWARDS, RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the Benefits Review Board and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the order of the Benefits Review Board be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Upon consideration of the briefs and oral argument presented in this appeal, we find that the decision of the Benefits Review Board ("BRB") in Muschette v. Washington Metropolitan Area Transit Authority, BRB No. 88-1764 (Sept. 28, 1990), reprinted in Petitioner's Appendix ("App.") at 56, is supported by substantial evidence. Accordingly, we deny Muschette's petition. We write only to clarify our understanding of the decisions issued by the BRB and the Administrative Law Judge ("ALJ") in this case.
 
 
 5
 Claudette Muschette was a bus driver for the Metropolitan Washington Area Transit Authority ("WMATA"). Muschette filed this claim for total disability benefits in 1984, alleging that a work related injury she suffered on June 14, 1982 caused total disability in her left wrist by aggravating a preexisting condition (a non-work-related cyst in the lunate bone of her left wrist). Muschette claims that she has experienced constant, increasing pain in her left wrist since the 1982 injury, and that the pain in her wrist prevents her from returning to her job as a bus driver. WMATA contends that Muschette's wrist pain is not disabling, and that it was not related to her 1982 injury. WMATA has refused to pay for the medical treatment Muschette has received for her wrist condition, or to pay further disability benefits in connection with the 1982 injury.
 
 
 6
 On January 15, 1987, a hearing was held before an ALJ, who found no causal relationship between Muschette's alleged disability and the 1982 injury. Muschette v. Washington Metro. Area Transit Auth., No. 86-DCW-121, OWCP No. 40-175932 (May 3, 1988), reprinted in App. at 51. Muschette appealed to the BRB, asserting that the ALJ had failed to apply a statutory presumption in Muschette's favor. The BRB affirmed the ALJ's decision, noting that the ALJ had indeed failed to apply the presumption, but holding that any error was harmless because substantial evidence supported the ALJ's conclusion. App. 57 n. 1. Muschette petitioned for review.
 
 
 7
 Muschette brought her claim for disability payments under the Longshore and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. §§ 901 et seq. (1988), made applicable to the District of Columbia by 36 D.C.CODE ANN. §§ 36-501, 36-502 (1973).[1] Section 920 of the Act contains a rebuttable presumption in favor of employees, which generally provides that "[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary[,] [t]hat the claim comes within the provisions of this chapter." 33 U.S.C. § 920(a) (1988). This presumption, by favoring claimants, manifests the "humanitarian nature" of the Act, O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 362-63 (1965) (per curiam), and mandates that doubtful factual issues be resolved in favor of claimants. Stevenson v. Linens of the Week, 688 F.2d 93, 98 (D.C.Cir.1982); Wheatley v. Adler, 407 F.2d 307, 313-14 (D.C.Cir.1968).
 
 
 8
 We agree with the petitioner that she was entitled to the benefit of the section 920 presumption. In Brown v. I.T.T./Continental Baking Co. & Insurance Co., 921 F.2d 289 (D.C.Cir.1990), this court ruled that the section 920 presumption arises once the claimant makes a minimal showing (1) that she has suffered some harm, and (2) that a work-related accident could have caused the harm, or aggravated or accelerated a previous condition. Id. at 295. Muschette satisfied these criteria.[2]
 
 
 9
 We part company with the petitioner, however, because we believe that WMATA's expert evidence rebutted Muschette's prima facie case, causing her to lose the advantage of the section 920 presumption. See Brown, 921 F.2d at 295 (noting that the presumption drops out of the case if the employer presents substantial evidence to rebut it). Muschette advanced only one theory of causation at the hearing before the ALJ. Dr. Phillips, who had treated Muschette, testified to his belief that the 1982 injury traumatized the cyst, causing "microfractures" in the wrist bone, which in turn caused bleeding into the cyst and Muschette's present painful condition. Transcript of Hearing before the ALJ, Muschette v. Washington Metro. Area Transit Auth., No. 86-DCW-121, OWCP No. 40-175932, reprinted in App. at 1, 9, 18.[3] To rebut this theory, WMATA presented Dr. Gunther, an orthopedic surgeon who had examined Muschette at WMATA's request in September of 1986. Dr. Gunther testified that, in his opinion, a bone cyst will only cause pain if the bone is fractured at the cyst: "That's the only way that that [cyst] would cause pain, if you broke through it." App. 36 (emphasis added). Noting that Muschette's 1982 injury was a sprain of her wrist ligaments, not a bone fracture, Dr. Gunther stated that he did not believe that the injury could have been responsible for Muschette's present disability. In short, we find that Dr. Gunther's testimony effectively rebutted Dr. Phillips' microfracture theory of causation.
 
 
 10
 Under Brown, Dr. Gunther's rebuttal of Dr. Phillips' theory caused the statutory presumption in Muschette's favor to drop out of the case, and the ALJ was required to resolve the factual question of causation upon consideration of the whole body of evidence. See Brown, 921 F.2d at 295. The ALJ in this case found that WMATA's testimony was more probative than the petitioner's. In particular, the ALJ noted that "Dr. Philips offered conjecture but no evidence as to microfractures of the lunate bone, while Dr. Gunther, stating that a fracturing of the lunate bone was the only way the bone could have caused pain, specifically observed that there was no x-ray or other evidence of such fracture.... The June 1982 trauma to the wrist, then, did nothing to aggravate or exacerbate the cyst...." App. 54. Thus, even though the ALJ did not enter a specific finding, he found that the evidence (or lack of evidence) in the case supported Dr. Gunther's theory that Muschette's disability was not causally related to the injury that occurred on June 14, 1982.
 
 
 11
 Petitioner argues that Dr. Gunther's testimony is undermined by his admission that he could not make any definitive statement concerning the relationship between Muschette's pain and the cyst, since "there is no learned body of work to turn to on this." App. 36. We do not think that Dr. Gunther's admission makes his testimony incredible. Dr. Gunther's credibility was supported by his "particular interest" in painful bone cysts, by the fact that he was currently tracking the symptoms of five or six patients with painful bone cysts and that he was currently preparing a scholarly paper on such cysts. App. 35-36. We therefore find that the ALJ's decision to credit Dr. Gunther's testimony on the causation issue was supported by substantial evidence. Although the ALJ's opinion failed to acknowledge the section 920 presumption, no harmful error resulted; on the record before us, the ultimate result reached by the ALJ, and affirmed by the BRB, is consistent with the Act and the cases construing it.
 
 
 
 [1]
 Muschette's claimed injury occurred just days before the Act ceased to apply to the District of Columbia. Injuries occurring after July 1, 1982, are covered by the District of Columbia's Workers' Compensation Act. See 36 D.C.CODE ANN. §§ 36-301 et seq. (1988); Whitmore v. AFIA Worldwide Ins., 837 F.2d 513, 514 n. 1 (D.C.Cir.1988)
 
 
 [2]
 We note that the ALJ discredited Muschette's claim of disability. App. 54 (finding Muschette's claim that her pain has been "continuing, although increasing, since June 14, 1982" to be "so unlikely as to be unworthy of credence.") At oral argument, the WMATA asserted that the ALJ's opinion can be read to say that Muschette does not have a disability. We need not determine whether substantial evidence supports this conclusion because, even if we give Muschette the benefit of the presumption, we find that the WMATA rebutted Muschette's theory of causation, and that substantial evidence supports the ALJ's conclusion that Muschette's present pain was not caused by the 1982 injury
 
 
 [3]
 Muschette admitted at oral argument before this court that Dr. Phillips' microfracture theory was the only theory of causation advanced below